WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

BOB GROSE,
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS,
CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. S. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 12, 1939

Hon. John A. Hamilton
District Attorney
110th Judicial District of Texas
Matador, Texas

Dear Mr. Hamilton:

Opinion No. O-31
Re: Nepotism

Your request for an opinion on the question:

"Would the appointment of the wife of the County and District Clerk of Motley County, a county on a fee basis, having a population of less than twenty thousand, as a deputy without pay, by said officer, be a violation of the Nepotism statute, as set out in Article 432 of the Penal Code of Texas?"

has been received by this office.

You state further in your letter that the officer is desirous of appointing his wife as a deputy without any remuneration whatever, either directly or indirectly. You further state that you have been unable to find any cases where the courts have passed upon the above question.

This department is not in possession of any case wherein the courts have passed upon the above question. However, this department has ruled upon and has written many opinions, construing Article 432 of the Penal Code.

Article 432, Penal Code of Texas, provides as follows:

"'Nepotism'

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever. Acts 1909, p. 85, Acts 1915, p. 149."

This department cites the following opinions which have heretofore been rendered by this department and which are deemed pertinent to your inquiry, to-wit:

(1) "A County Clerk cannot appoint his wife as a deputy." Opinion rendered July 21, 1927, by Honorable H. Grady Chandler, Assistant Attorney General, to Mr. Leo Malloy, County Clerk, Paint Rock, Texas.

(2) " Sheriff may not appoint son as a deputy sheriff though son makes no

charge for his services and is com-
pensated in no manner, directly or
indirectly, out of or from public
funds or fees of office of any kind
or character whatsoever." Opinion
rendered April 26, 1932, by Honorable
Scott Gaines, Assistant Attorney Gen-
eral, to Mr. Wardlow Lane, County
Attorney, Center, Texas.

(3) "It is not a violation of
the Nepotism statute under Articles
432 and 433, Penal Code of Texas, for
the wife of the sheriff and tax collec-
tor to do clerical work in his office
without compensation and without being
appointed a deputy. However, she may
not sign the tax and other receipts in
the name of her husband." Opinion ren-
dered March 2, 1932 by Hon. Bruce W.
Bryant, First Assistant Attorney General
of Texas, to Hon. Joe P. Flack, County
Attorney, Minard, Texas.

The three above opinions have been carefully
reviewed by this department and are approved by this
department.

Therefore, you are respectfully advised that
the appointment by the County and District Clerk of
Motley County of his wife as a deputy County and Dis-
trict Clerk of said county, strictly without remunera-
tion, either directly or indirectly, would be a viola-
tion of the Nepotism statute, as set out in Article
432 of the Penal Code.

You are further advised, however, that it is
the opinion of this department that it would not be a
violation of the Nepotism statute under Article 432 and
433, Penal Code of Texas, for the wife of the County and
District Clerk of Motley County to do clerical work in
his office without compensation or remuneration, either

directly or indirectly, and without being appointed his deputy, but she would have no authority to sign his name officially to any instrument.

Trusting that the above answers your inquiry, I remain

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Assistant

WJF:AW

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS